AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means        ☐ Original        ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE PREMISES AT 8000 PASEO DEL NORTE<br>BLVD NE, SUITE C6,<br>ALBUQUERQUE, NEW MEXICO 87122 | ) ) ) Case No. 21-MR-1671 ) ) ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of ___New Mexico___
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-4 to the affidavit attached hereto and incorporated by reference herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B to the affidavit attached hereto and incorporated by reference herein.

**YOU ARE COMMANDED** to execute this warrant on or before     ___December 10, 2021___     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     ___Any US Magistrate Judge___     .
                                                                                                                                                                    *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     11/26/2021 4:23 pm                        */s/ Steve Yarbrough*
                                                                                                        *Judge's signature*

City and state:     Albuquerque, New Mexico                        Steven C. Yarbrough, United States Magistrate Judge
                                                                                                        *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: 21-MR-1671 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

　　　　I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Executing officer's signature*

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Printed name and title*

## ATTACHMENT A-4

## Property to be Searched



## ATTACHMENT B

### Particular Things to be Seized

Items constituting evidence, fruits, proceeds, and instrumentalities of violations of 18 U.S.C. § 922(l), 18 U.S.C. § 371, and related offenses, hereinafter referred to as the **Subject Offenses**, including but not limited to the following:

1. Any firearm as defined by 18 U.S.C. §921(a)(3) or 26 U.S.C. §5845(a). **The searching agents may examine all firearms to determine if each firearm is lawfully possessed, leaving the firearms legally possessed with the owner(s) thereof and seizing all illegal firearms and components;**

2. Any firearm that does not have a lawful manufacturer stamp and serial number, any unregistered firearm (where registration is required by Title 26 of the United States Code), and variant lower receivers of any kind;

3. Any items pertaining to the possession, manufacture, or distribution of illegal firearms, including but not limited to, lower receivers, upper receivers, grips, stocks, magazines, trigger assemblies, and machinegun conversion kits;

4. Any tools and/or equipment associated with the manufacture of firearms, including but not limited to drills, drill presses, lathes, molds, molding equipment, welding equipment, jigs, hack saws, power saws, templates, diagrams, instruction manuals, pamphlets, or other tutorial material regarding the manufacture of firearms;

5. Currency or currency equivalents exceeding $10,000;

6. Any and all records, logs, documents, advertisement fliers, class schedules, attendance sheets and other documents related to the formation and operation of firearms and tactical classes.

7. Any emails, documents, records, financial records, or other correspondence, in paper or electronic format, relating to the importation of firearms into the United States;

8. Any emails, documents, records, financial records, or other correspondence, in paper or electronic format, relating to TRIDENT LLC and/or Sean Reidpath SULLIVAN;

9. Any emails, documents, records, financial records, or other correspondence, in paper or electronic format, relating to VICKERS TACTICAL, VT GUNS, and/or Larry Allen VICKERS;

10. Any emails, documents, records, financial records, or other correspondence, in paper or electronic format, relating to ▮▮▮▮▮▮▮▮▮▮, and/or ▮▮▮▮▮▮▮▮▮▮;

11. Records of firearms transactions including, but not limited to, books, ledgers, receipts, notes, pay and owe sheets, and other papers relating to the manufacture, transportation, possession, and distribution of proceeds derived from the sale of illegal or illegally purchased firearms;

12. Financial records and other records or documents reflecting firearms-trafficking activity or the disposition of firearms proceeds, including, but not limited to, currency; financial instruments; stocks; bonds; jewelry; precious metals; bank checks; cashier's checks and receipts for such checks; Western Union receipts; money orders; money order receipts; credit cards; credit card records; pre-paid credit cards; green dot cards and documents relating thereto; vehicle registrations; real estate records; income tax returns and any documentation relating to the payment of any income tax; mail and contract mail carrier records; documentation and receipts relating to any safe deposit boxes and keys to safe deposit boxes; documentation and receipts relating to any storage facilities and keys to those storage facilities; devices capable of counting large sums of currency; other items of value or proceeds derived from the sale of illegal firearms; and any other documents or evidence of financial transactions involving the receipt and disposition of the proceeds of illegal firearms sales;

13. Records that identify other co-conspirators and/or supplier(s) of any item in paragraphs (1) through (3) above, including, but not limited to: address books; telephone books; rolodexes; telephone bills and records; telephones/cellphones and the numbers and other data stored within those telephones; pagers and personal digital assistants, and the numbers stored inside those devices; devices capable of recording incoming telephone numbers, and the numbers stored within those devices; records of telephone calls, whether recorded electronically or in writing; notes reflecting telephone and pager numbers, or papers which reflect names, addresses, and telephone numbers of suspected co-conspirators; photographs (to include still photos, negatives, movies, slides, video tapes, and undeveloped film); and audiotape recordings of conversations, including those made over telephone answering machines;

14. Documents or other records relating to state court proceedings involving other co-conspirators, including, but not limited to, charging documents and bail records;

**15.** Identification documents, including passports and other travel documents; **The searching agents will be permitted to photograph identification documents, including passports and other travel documents, while leaving the original documents with the lawful owners.**

16. Records of travel including, but not limited to, tickets, transportation schedules, automobile rental records, notes and receipts related to travel, and motel/hotel receipts;

17. Indicia of occupancy, residency, rental, control, and/or ownership of the premises/vehicle, including keys, photographs, deeds, mortgages, lease agreements, rental receipts, canceled checks, utility, cable, and telephone bills, titles, registration documents, and other documents;

18. Safes, combination or key-lock strong boxes or other secure storage containers, suitcases, file cabinets and other types of containers, whether locked or unlocked; hidden compartments that may contain any of the foregoing; and the contents thereof; and cellphones and related records and equipment; and

19. Any cell phones, computer, laptops, hard drives or other electronic media storage capable of containing any of the records and/or documents referenced in the above paragraphs.

THE ELECTRONIC DEVICES DESCRIBED ABOVE WILL BE QUARANTINED AND SECURED BY THE INVESTIGATING AGENCIES AND ADDITIONAL WARRANTS WILL BE SOUGHT IN CONNECTION WITH THE SEARCH OF SAID DEVICES.